

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

October 11, 2005, **FINAL**

Ms. Mary Petras, Esq., AFPD
Counsel for Defendant Anthony Bigelow
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Fifth Floor, Suite 550
Washington, D.C. 20004
(202) 208-7500
(202) 208-7515 (fax)
Mary_Petras@fd.org

FILED

OCT 1 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: United States v. Anthony Bigelow, Cr. No. 05-0344 (PLF)

Dear Ms. Petras:

This letter states the non-co-operating plea agreement between your client, Anthony Bigelow, and the United States of America (also called "the Government" or "this office" in this letter). Based upon your authorization, this Office filed a criminal information with the Court charging the two crimes to which your client will plead guilty, and the case now has been calendared before U.S. District Judge Paul L. Friedman. The criminal information charges defendant Bigelow with (1) the unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and, (2) unlawful possession with intent to distribute heroin, in violation of District of Columbia Code § § 48–904.01(a)(1) (2001 ed.; formerly D.C.C. § 33–541(a)(1), 1981 ed.)). The case has been set down for a plea hearing before Judge Friedman on Friday, October 14, 2005, at 10:15 a.m. The terms and conditions of this plea offer are as follows:

Defendant Bigelow's Obligations:

     1.    Your client, Anthony Bigelow, agrees to admit his guilt and enter pleas of guilty to both counts in the criminal information now pending in this case. The following are the maximum penalties for each crime.

     (a) Count One charges your client with unlawfully possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, which is a violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony, as set forth in 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 924(a)(2), the maximum penalties for this offense are:

(A) A term in prison of not more than ten years;
(B) A fine of not more than $250,000, (18 U.S.C. 3571(b)(3));
(C) A term of supervised release -- after any time in prison -- of not more than three years (18 U.S.C. 3583(b)(2)); and,
(D) A special assessment of $100, (18 U.S.C. § 3013(a)(2)(A)).

(b)     Count Two charges your client with unlawful possession with intent to distribute a controlled substance (heroin), in violation of D.C. Code § 48–904.01(a)(1). Your client knows that, under D.C. Code § 48-904.01(a)(2)(A), the maximum penalties for this offense are:

(A) A term in prison of not more than 30 years;
(B) A fine of not more than $500,000, or both a term in prison and the fine; and,
(C) After any term of imprisonment, "a period of supervision ("supervised release") . . . ," of five years, DCC §§ 24-403.01(b)(1) & 24-403.01(b)(2)(A); and,
(D) An assessment of between $100 and $5000 to the Crime Victims Compensation Fund. D.C. Code § 3-436.

(c)     Your client also understands that, under 18 U.S.C. § 3571, the Court may impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. (Such a fine also is permitted under § 5E1.2 of the U.S. Sentencing Commission Guidelines Manual, also called the "Sentencing Guidelines" or "U.S.S.G." in this letter). Your client agrees to pay the $100 special assessment to the Office of the Clerk of the Court for the U.S. District Court for the District of Columbia before sentencing.

(d)     Your client further understands that, for his conviction for a crime under the U.S. Code, that is the gun crime, he will be sentenced according to 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the Sentencing Guidelines, referred to in the last paragraph. These laws will apply to determine your client's guideline range. In any event, your client recognizes that only the trial court determines the final sentencing guideline range, usually based upon information contained in a Presentence Investigation (PSI) report, which the U.S. Probation Office prepares. Whatever lawful sentence the Court imposes in this case, including a sentence more severe than your client expected when pleading guilty, your client knows that he will have no right to withdraw his pleas. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at sentencing.

(e)     Your client knows that any sentence in this case may run consecutively to any other sentence he may have to serve. This is particularly possible because your client agrees that he had been paroled from at least one sentence for at least one earlier felony conviction at the time of his arrest in this case. Further, it appears that your client was on pre-trial release in a criminal case in Maryland when arrested in this case. As part of his plea, defendant acknowledges that his criminal record includes the following convictions:

(1) A crime in the nature of assault with intent to rob while armed, in

>the Superior Court of the District of Columbia, Cr. No. F-7470-84
>from April 1985; and,
>
>(2) A crime in the nature of assault with intent to ~~kill~~ rob [BSW initials] while armed, in ~~the~~ [A.B. initials]
>the Superior Court of the District of Columbia, Cr. No. F-5012-78
>from March 1979.

Defendant acknowledges having been convicted of other crimes in other cases as well, but this letter refers to these convictions specifically because they relate to the parties' joint understanding about issues that can be litigated under the terms of this agreement. The parties agree that defendant may argue to the Court that the conviction in F-5012-78 should not be counted either: (1) in determining defendant's base offense level under U.S.S.G. § 2K2.1(a); or, (2) in determining defendant's criminal history under U.S.S.G. § 4A1.1. As of the time of defendant's guilty plea, the Government expects to oppose defendant's arguments on both issues. The parties agree that defendant's base offense level is at least 24 (before adjustment for acceptance of responsibility). The parties also acknowledge that the base offense level could be 28, depending upon how the Court resolves legal issues concerning defendant's conviction in F-5012-78.

    2.    In entering these guilty pleas, your client understands he is waiving certain rights afforded him by the U.S. Constitution or by statute. Your client understands that the Fifth Amendment to the U.S. Constitution states that he may not be compelled in any criminal case to be a witness against himself. By entering this guilty plea, your client knowingly and voluntarily waives this right because he will admit under oath that he did the acts making out the crimes to which he is pleading guilty. Your client also understands that by pleading guilty he gives up his rights:

>(1) to have an indictment returned against him after his arrest within the time set forth in the Speedy Trial Act, 18 U.S.C. §§ 3061, *et seq.*;
>(2) to be tried to a jury or a judge sitting without a jury;
>(3) to be assisted by an attorney at trial;
>(4) to confront and cross-examine witnesses against him;
>(5) to challenge the admissibility of the evidence against him;
>(6) to testify in his own behalf and to present witnesses at trial in his behalf;
>(7) to appeal any rulings made by the trial court in this case, except those concerning whether any sentence in this case was lawfully imposed; and,
>(8) to be prosecuted by grand jury indictment on the felony charges to which he is pleading guilty; instead, your client agrees to plead guilty to a criminal information.

By signing this letter below, your client states that he understands the rights that he is waiving, that he has discussed what this means with his attorney, and that he freely waives them, knowing why he is doing so. Your client agrees further that should he ever move to withdraw these guilty pleas whatever other consequences it may have, this paragraph and his signature on this document may be used to show that he made an informed and voluntary decision to plead guilty.

    3(a).    Your client specifically admits certain facts as true when pleading. He agrees that

3

his pleas are proof of each fact beyond a reasonable doubt and that the government separately can prove each fact is true beyond a reasonable doubt. These facts are:

> The events in this case took place Tuesday, March 1, 2005, shortly before 11:00 in the morning. They happened in the area around the unit blocks of Hannover Place N.W., and O Street, N.W., Washington, D.C. At this time, a sworn officer of the Metropolitan Police Department (MPD) saw defendant appear to sell illegal drugs to a buyer in the unit block of Hanover Place, N.W., Washington, D.C. When the officer and another person went to investigate, a struggle took place between defendant and police. Defendant fled, eventually getting caught in the unit block of O Street, N.W., which is immediately north of Hanover Place, N.W., running parallel to it. When police caught defendant, they found in one of his pants pockets a 25-calibre, semi-automatic pistol. Police also found about 322 ziplocks of suspected heroin in another of defendant's pants pockets. Defendant wore the pants at the time.
>
> When police field-tested some of the powder in one of the ziplocks your client had, they got a result showing that it contained an opiate. Based upon their experience, police believed each of the ziplocks contained the illegal drug heroin. Your client agrees that he knew the powder in each of the ziplocks to be heroin. The drugs police seized from your client have been submitted to a laboratory for complete analysis, which the government will provide to the Court when completed. Your client acknowledges as part of this proffer that he intended to sell the packets of heroin he possessed, and that he did not intend to use them himself.
>
> The gun seized from your client was a loaded 25-calibre semi-automatic pistol, which the RG Industries company had manufactured. Neither the pistol nor the bullets in it were made in the District of Columbia. Thus, they had travelled in interstate or foreign commerce when found in your client's possession. Further, your client agrees that the Government can prove that the RG Industries gun is a weapon that was designed to or does shoot a bullet using gunpowder, that is, a weapon that was designed to or does expel a projectile by the action of an explosive. Indeed, the gun fired a bullet when police test-fired it. As part of this plea, your client acknowledges that he has been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of the District of Columbia in Cr. No. F-07470-84. As noted above, when arrested March 1, 2005, your client had been paroled from his prison sentence for this conviction.
>
> Your client agrees that he possessed the RG Industries gun in connection with another felony offense he was committing, the crime of unlawful possession with intent to distribute heroin. In particular, at least one of the reasons your client carried and possessed the gun was to protect himself while possessing the drugs.

4. Your client agrees that he should be held without bail pending sentencing in this case, and he will not ask the Court to release him pending sentencing.

The Government's Obligations:

5(a).    In return for your client's guilty pleas to the two counts in the information, this office agrees that the U.S. Attorney's Office for the District of Columbia will not prosecute your client on any other criminal charges, under either federal or District of Columbia law, arising from your client's arrest in this case on March 1, 2005.

(b)    The government agrees that your client's base offense level should be reduced to reflect his acceptance of responsibility by entering into an early guilty plea. The government will advise the probation officer preparing the Presentence Investigation (PSI) Report that should receive a full reduction for acceptance of responsibility. (*The government reserves the right to argue against such a reduction for acceptance of responsibility should your client commit any conduct inconsistent with acceptance of responsibility, as defined in U.S.S.G. § 3E1.1.*) The government will make clear that your client indicated very quickly after his arrest that he wished to accept responsibility and that, to this end, he agreed to exclude time from the periods under the Speedy Trial Act within which the government was required to ask the grand jury to return a felony indictment. Should the Court decide that a motion is required for your client to receive a full reduction for acceptance of responsibility, the Government agrees that the final, signed version of this plea letter may be treated as such a motion.

6.    Your client also agrees that because contraband narcotics and a firearm was seized from his possession, your client consents to the administrative forfeiture, official use or destruction of the drugs and firearm by any law enforcement agency authorized to do so. Your client agrees to take whatever steps are needed to effect the forfeiture of these items, including not filing a claim, not opposing a judicial order of forfeiture, waiving available defenses, and signing consent forms.

7.    Your client understands that this Office reserves its full right of allocution for at sentencing. Regardless of what we have agreed to in this letter regarding the position the Government will take on any issue of law or fact, this Office reserves its right to defend in a collateral attack in the trial Court or on appeal any ruling made by the trial Court in this case. *This agreement permits the Government to defend at any time in any Court any ruling made by the trial Court in this case, even if we initially have agreed not to ask the Court to make that ruling*. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion that get filed in this matter and any proceedings before the Bureau of Prisons. In addition, your client acknowledges that this agreement does not require the Government to file any downward departure sentencing motion under any provision of law, and we have no plan to do so.

8.    The parties agree that the government will not seek an upward departure and your client will not seek a downward departure from the final sentencing guideline range determined by the Court at sentencing. This term relates to the guideline range that the Court determines after it decides the legal consequences of your client's conviction and sentence in F-05012-78.

9.    Your client understands and agrees that your client will not be allowed to withdraw

5

the guilty pleas entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10.   This agreement only binds the U.S. Attorney's Office for the District of Columbia. It does not bind any other U.S. Attorney's Office or any other office or agency of the U.S. Government, including, but not limited to, the U.S. Department of Justice's Tax Division, the U.S. Department of the Treasury's Internal Revenue Service, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

11.   This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and this Office. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client. There are no other agreements, promises, understandings or undertakings between your client. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

BY:   *Barry Wiegand*
Barry Wiegand
Assistant U.S. Attorney
(202) 514-7315 (o); (202) 616-3782 (fax)
William.B.Wiegand@USDoJ.Gov

### DEFENDANT'S ACCEPTANCE

I have read this letter containing the plea agreement and have discussed it fully with my attorney, Ms. Mary Petras, Esq., AFPD, who has explained the meaning of the entire agreement to me. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10-15-06

*Anthony Bigelow*
Anthony Bigelow, Defendant

6

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the six pages constituting this plea agreement, reviewed them with my client, and discussed its provisions with him fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 10-15-05

Ms. Mary Petras, Esq., AFPD
Attorney for Defendant Bigelow