HONORABLE PAUL L. FRIEDMAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

UNITED STATES OF AMERICA : Docket No.: <u>05-CR-0344-01</u>

APR 2 8 2006

vs. : SSN:

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BIGELOW, Anthony : Disclosure Date: <u>March 27, 2006</u>

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____   _____
Prosecuting Attorney                                                         Date

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signature]_   _____   _[signature]_   3/29/06
Defendant            Date             Defense Counsel         Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **April 10, 2006**, to U.S. Probation Officer **Elizabeth Suarez**, telephone number **(202) 565-1341**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

April 10, 2006

Elizabeth Suarez
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20001

BY FAX

Re:   United States v. Anthony Bigelow
      CR-05-344-01

Dear Ms. Suarez:

I write to provide the following corrections to the Presentence Investigation Report prepared in the above referenced case.

1. Paragraphs 20 and 25, on pages 5 and 6, incorrectly lists the base offense level as 24. The base offense level is 20 because Mr. Bigelow has only one qualifying conviction for a felony drug offense. As set forth below, points should not be assessed for the conviction set forth in paragraph 29 because of the age of the conviction.

2. Paragraph 27, on page 6, should list the total offense level as 17, not 21.

3. Paragraph 29, on page 6, should not assess points for the listed conviction and incorrectly states that the conviction was for assault with intent to kill. The conviction was for assault with intent to rob, not assault with intent to kill. This conviction should not be counted for Guidelines purposes, because of the age of the conviction. U.S.S.G. § 4A1.2(e) provides:

> Any prior sentence of imprisonment exceeding one year and one
> month that was imposed within fifteen years of the defendant's

Elizabeth Suarex
April 10, 2006
Page 2

> commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

The 1979 conviction was not imposed within the fifteen years prior to the instant offense, nor has it "resulted in the defendant being incarcerated during any part of such fifteen-year period."

Mr. Bigelow was arrested for the offense that led to his 1979 conviction (for which he was sentenced to 4 to 12 years) on September 27, 1978. He was held from that date until he was paroled on October 5, 1983. Mr. Bigelow was arrested for the offense that led to his 1985 conviction on October 25, 1984. He was held from that date until paroled again on February 4, 1994.

The 1985 conviction led to a consecutive sentence of 7 to 21 years. Therefore, Mr. Bigelow had to serve his 4 to 12 year sentence and then his 7 to 21 year sentence.

The maximum amount of time that Mr. Bigelow could possible have serve for the 1979 conviction was 4,380 days (12 years x 365 days per year) minus the 1,440 days of good time credits that, during that time period, was automatically (pursuant to statute) deducted, for a total of 2,940 days. Mr. Bigelow served 1,834 days from the date of his arrest on September 27, 1978, until the date of his initial parole on October 5, 1983. He then served 1,952 days from October 25, 1984, the date of his re-arrest for the offense that led to the 1985 conviction, through March 1, 1990, the date that the fifteen year period begins for determining which offenses can be counted for Guidelines purposes in the instant case. (Mr. Bigelow was not actually paroled again until February 4, 1994). Thus, Mr. Bigelow served 3,786 days – 846 days more than he statutorily owed for the 1979 offense – prior to the beginning of the applicable fifteen year period. Thus, prior to the beginning of the fifteen year period, Mr. Bigelow completed his 1979 sentence and began the 1984 sentence. The 1979 offense did not result in Mr. Bigelow being incarcerated during any part of the fifteen-year period.

I recognize that for purposes of determining Mr. Bigelow's parole eligibility the officials that make those determinations lumped both sentences together and essentially considered them one sentence of 11 to 33 years. When paroled, Mr. Bigelow was (and is) considered by the parole officials to still be on parole for the 1979 offense. While that method of calculating Mr. Bigelow's parole eligibility may have been used to simplify the process, it does not change the nature of the sentences impose. Mr. Bigelow received two separate consecutive sentences. Given the time that he served, if he had only the 1979 conviction, he would not have (could not have) continued to be incarcerated into the applicable fifteen year period. That sentence is not

Elizabeth Suarex
April 10, 2006
Page 3

the sentence that resulted in his incarceration within the fifteen year period – the 1985 conviction is.

- 4. In paragraph 34, on page 11, the subtotal criminal history score should be 7.

5. In paragraph 36, on page 11, the total criminal history score should be 9, which establishes a criminal history category of IV.

6. In paragraph 37, on page 11, the criminal history score is 3, not 6, because the conviction in paragraph 29 is not counted. The guideline sentence should also be adjusted.

7. In paragraph 62, on page 15, the total offense level should be 17, criminal history category IV, with a guideline range of 37 to 46 months. (Please note that even under the calculations listed in the report the guideline range is inaccurate, using category VI, instead of V.)

Thank you for taking the time to review these corrections. Please call me if you have any questions.

Sincerely,

Mary Manning Petras

cc:   AUSA Gordon Michael Harvey
      BY FAX