HONORABLE PAUL L. FRIEDMAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| UNITED STATES OF AMERICA | : | Docket No.: <u>05-CR-0344-01</u> |
|---|---|---|
| vs. | : | SSN: |
| BIGELOW, Anthony | : | Disclosure Date: <u>March 27, 2006</u> |

APR 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    4/10/06
Prosecuting Attorney                              Date

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  _____        _____  _____
Defendant          Date              Defense Counsel    Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **April 10, 2006**, to U.S. Probation Officer **Elizabeth Suarez**, telephone number **(202) 565-1341**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
      United States Probation Officer



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

April 10, 2006

**VIA FACSIMILE**
Elizabeth Suarez
United States Probation Officer
United States District Court
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001
FAX: 202-273-0242

        Re:   <u>United States v. Anthony Bigelow</u>
               *Case No. 05-344 (PLF)*

Dear Ms. Suarez:

      Enclosed please find the Government's Objections and Comments to the pre-sentence report prepared in the above-referenced case dated March 24, 2006:

      **(1) Defendant's Base Offense Level should be increased to level 24 pursuant to § 2K2.1(a)(2):**

      Pursuant to § 2K2.1 (a)(2), the defendant's base offense level should be 24 because he committed the offense of conviction subsequent to sustaining at least two felony convictions of a crime of violence, namely his March 14, 1979 conviction for Assault with Intent to Rob while Armed/Attempted Robbery,[1] and April 3, 1985 conviction for Assault with Intent to Rob while Armed. Both convictions fall within the 15-year time period required by §4A1.2(e)(1) for a prior conviction to be counted under 2k2.1(a)(2). <u>See</u> App. Note 12 of § 2K2.1 (allowing that only felony convictions that received criminal history points under § 4A1.1(a), (b), or (c) are qualifying convictions under § 2K2.1(a)(2). Defendant's April 3, 1985 conviction for Assault with Intent to Rob while Armed conviction falls within the 15-year time period required by § 4A1.2 (e)(1) for a prior conviction to be counted under 4A1.1(a)-(c) as the defendant was serving his sentence well-within the 15 year period prior to the commencement of the offense of conviction (a period that runs

---

      [1] It would appear from the attached parole documents that the defendant's 1979 conviction was a conviction for Assault with Intent to Commit Robbery While Armed/Attempt Robbery, not Assault with Intent to Kill/Attempted Robbery.

between March 1, 1990 and the date of the offense, March 1, 2005).

Defendant's 1979 Assault with Intent to Commit Robbery While Armed/Attempt Robbery conviction also falls within this 15-year time period. While defendant was originally released from his incarceration on his 1979 conviction on or about Oct. 5, 1983 (prior to the March 1, 1990 cut-off for inclusion in the defendant's present criminal history calculation), pursuant to Guidelines' section 4A1.2(k)(2)(B)(i) revocation of parole can revive an otherwise expired conviction if incarceration following revocation falls within the 15-year period prior to the commencement of the instant offense. Specifically, in the case of an adult term of imprisonment totaling more than one year and one month (which was the case here), it is the "date of last release from incarceration on such a sentence" following revocation of parole which is applicable, not the last day of incarceration of the original sentence prior to revocation. See 4A1.2(k)(2)(B)(i). In this case, and as demonstrated in the attached parole documents, the defendant was revoked on parole for the 1979 conviction until July 22, 1992 – after he had completed his original sentence on his 1985 conviction for Assault with Intent to Rob while Armed.[2] Thereafter, he remained incarcerated on his 1979 conviction until he was paroled again in February 1994, which was well-within the March 1, 1990 cut-off for inclusion in the defendant's criminal history score.

**(2) Defendant's Offense Level should be further increased 4 levels pursuant to §2K2.1(b)(5):**

In addition, the defendant's base offense level should be increased 4 additional levels, to level 28, pursuant to §2K2.1(b)(5). That section requires a four level increase to the base offense level where the defendant used or possessed any firearm or ammunition in connection with another felony offense. The defendant agreed as part of the proffer in this case that he possessed the .25 caliber semi-automatic handgun at issue in connection with another felony offense he was committing, namely, the crime of unlawful possession with intent to distribute heroin. Further, the defendant admitted that one of the reasons he carried and possessed the handgun was to protect himself while possessing drugs with the intent to distribute them

**(3) One additional criminal history point should be added to the defendant's criminal history score:**

It would also appear that one criminal history point should be assigned for the defendant's 3/24/99 conviction of Possession of Cocaine. See § 4A1.1(c). The conviction does not appear

---

[2] Note, as demonstrated in the attached parole documents, the October 31, 1984 U.S. Parole Commission parole warrant issued on the defendant's 1979 conviction after he incurred his 1984 arrest for Assault with Intent to Commit Robbery While Armed, was never executed. Rather, the defendant was convicted on his 1984 charge, did his time on that charge, and then, upon his release from that charge on or about June 1992, a different DC Board of Parole warrant (issued July 11, 1988) was executed and his parole on the 1979 charge revoked on July 22, 1992.

related to his 12/21/98 conviction for Assault and Battery. Based on the information available in the PSI, it would appear that the defendant received two separate sentences for each conviction, given on two separate dates. See App. Note 3 to §4A1.2. Indeed, it appears that the offenses were part of different cases, in different courts, with entirely different case numbers, and may have occurred in different years.

Thank you for your consideration of these matter. Please feel free to call me at 305-2195 if you have any questions.

Sincerely,

KENNETH WAINSTEIN
United States Attorney

By:

G. MICHAEL HARVEY
Assistant United States Attorney

cc:

Mary Petras
Federal Public Defender
District of Columbia
Suite 550
625 Indiana Avenue, N.W.
Washington, D.C. 20004
Fax: 208-7515